**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TINA M. ROOKS,

    Plaintiff,   Case No. 6:19-cv-01826

v.

PIONEER CREDIT RECOVERY, INC.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, TINA M. ROOKS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, PIONEER CREDIT RECOVERY, INC. as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. TINA M. ROOKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cocoa, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. PIONEER CREDIT RECOVERY, INC. ("Pioneer") is a foreign corporation with its principal place of business in Arcade, New York.

7. Pioneer is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Pioneer's business is the collection of debt.

8. Pioneer is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. Plaintiff executed a Master Promissory Note (MPN) for a federal direct student loan through the United States Department of Education.

10. As result of unexpected financial hardship, Plaintiff fell behind on her student loan payments.

11. U.S. Department of Education enlisted Pioneer to collect Plaintiff's defaulted student loan account balance.

12. Plaintiff's student loan account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an alleged unpaid obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes.

13. Six months ago, Pioneer began to place collection phone calls to Plaintiff's father and sister in an attempt to collect on Plaintiff's account.

14. On several occasions, Pioneer identified themselves as debt collectors looking for Plaintiff.

15. On several occasions, Pioneer specifically informed Plaintiff's father and sister that they were seeking to collect on Plaintiff's unpaid student loan account.

16. Pioneer's unlawful collection practices have resulted in embarrassment, emotional distress, harm to reputation, and invasion of privacy.

### CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

17. Paragraphs 9 through 16 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692b

18. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(2)   not state that such consumer owes any debt;

…

(3)   not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

15 U.S.C. §§ 1692b(2), b(3).

19. Pioneer violated 15 U.S.C. § 1692b(2) by specifically informing Plaintiff's father and sister they were seeking to collect on Plaintiff's defaulted student loan account.

20. Pioneer violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff's father and sister more than once.

21. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692b(2) and b(3) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Pioneer violated 15 U.S.C. §§ 1692b(2) and b(3);

B. an award of any actual damages sustained by Plaintiff as a result of Pioneer's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 20, 2019                                         Respectfully submitted,

**TINA M. ROOKS**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*